UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MENDOTA INSURANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-151 (CEJ) |
| ) | |
| CHRISTINA A. MILLS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' separate motions to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).  Plaintiff has filed responses in opposition to the motions and the issues are fully briefed.

I.   **Background**

Plaintiff Mendota Insurance Company (Mendota) filed this declaratory judgment action, seeking a clarification of its rights and responsibilities under a policy of motor vehicle insurance issued to defendant Christina Mills.  Defendant Mills is alleged to have intentionally struck defendants Melissa Davis and Amber Nash with her car on April 5, 2009.  In June 2010, Ms. Davis filed suit in the Franklin County Circuit Court bringing a personal injury claim against Mills and an uninsured motorist coverage claim against her own motor vehicle insurer, defendant Safe Auto Insurance Company (Safe Auto). On November 29, 2011, Safe Auto submitted to Mendota a claim for coverage under the policy it issued to Mills.  Mendota seeks a declaration that it has no duty to defend and indemnify Mills in connection with the April 5, 2009 incident.

II.   **Standard of Review**

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010) (citation omitted). The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and "[t]his burden may not be shifted to" the other party. Id. (alteration in original; citation omitted).

### III.   Discussion

Plaintiff filed this action based on diversity of citizenship jurisdiction, which requires complete diversity of citizenship between the plaintiffs and defendants and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). According to allegations in the complaint, plaintiff is incorporated, and has its principal place of business, in Minnesota; defendants Mills, Davis, and Nash are citizens of Missouri; and defendant Safe Auto is incorporated, and has its principal place of business, in Ohio. In addition, plaintiff generally alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, on its face, the jurisdictional requirements of 28 U.S.C. § 1332 are satisfied.

Defendants Davis and Nash assert, without support or argument, that defendant Mills, "for all intents and purposes . . . should be realigned as a party plaintiff with her insurance company." This argument is without merit. Plaintiff seeks a declaration that it has no duty to defend or indemnify Mills in the underlying state court action and thus their interests are adverse.

Defendant Safe Auto asserts that the amount-in-controversy requirement cannot be met, because the insurance policy at issue has coverage limits of $50,000 per

occurrence for bodily injury claims and $25,000 for property damage claims.  Plaintff argues in response that the policy also obligates it to defend an insured and pay all defense costs incurred.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010) (internal citations and quotations omitted; alterations in original).  "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence."  Id. (citations omitted).  In a declaratory judgment action in which an insurer sues an insured to determine its obligation to defend and indemnify, the amount in controversy "ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible."  Id. at 932.  Given the nature of the claims against defendant Mills, the probable costs of defense and indemnification in the state-court action exceed $75,000.00.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [Docs. #10, #11, and #12] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2012.