UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MENDOTA INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-151 (CEJ) |
| ) | |
| CHRISTINA A. MILLS, et al., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendant Christina A. Mills, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiff Mendota Insurance Company (Mendota) filed this declaratory judgment action seeking a clarification of its rights and responsibilities under a policy of motor vehicle insurance issued to defendant Christina Mills. The summons and a copy of the complaint were served on defendant Mills on April 23, 2012. She did not file an answer or other responsive pleading and, on July 5, 2012, the Clerk of Court entered default against her.

I.   Background

Mendota alleges that, on April 5, 2009, defendant Mills intentionally struck defendants Melissa Davis and Amber Nash with her car. In the course of the investigation by local authorities, witnesses reported that defendant Mills got in her car, gassed the engine, and intentionally struck or attempted to strike Ms. Davis and Ms. Nash. In June 2010, Ms. Davis filed suit in Franklin County Circuit Court bringing a personal injury claim against Mills and an uninsured motorist claim against her own motor vehicle insurer, defendant Safe Auto Insurance Company (Safe Auto). On

November 29, 2011, Safe Auto submitted to Mendota a claim for coverage under the policy Mendota issued to Mills. Mendota alleges that it sent defendant Mills a reservation of rights letter and asked her to contact the company immediately so that it could investigate coverage and protect her interests. Mendota further alleges that defendant Mills has neither contacted it regarding the incident nor cooperated in the company's investigation.

The policy under which Mills was insured by Mendota is attached to the complaint. Motor Vehicle Policy No. 25 PA1813975, was in effect from February 24, 2009, through August 24, 2009, and insured defendant Mills for the negligent cause of property damage and bodily injury to others with limits of $25,000 per person or $50,000 per occurrence plus costs of defense in any resulting lawsuits. The policy specifically excluded liability coverage for "any person . . . [w]ho intentionally causes 'bodily injury' or 'property damage'." The policy defines "bodily injury" as "bodily harm, sickness or disease, including death that results." The policy defines "property damage" as "physical injury to, destruction or, or loss of use of tangible property." Mendota alleges that it has not duty to provide coverage to defendant Mills because her acts were intentional within the meaning of this exclusion.

As relevant to this dispute, the policy imposed the following duties on the insured:

> **DUTIES AFTER AN ACCIDENT OR LOSS**
> **GENERAL DUTIES**
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> a.   We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured person and witnesses.

      b.    A person seeking any coverage must:

          1.    Cooperate with us in the investigation, settlement or defense of any claim or suit.

          2.    Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

Plaintiff Mendota alleges that defendant Mills did not promptly notify the company of how, when and where the loss happened; provide names of witnesses or those involved; cooperate with Mendota; or send Mendota copies of notices or legal papers. Mendota argues that this failure to comply with the "cooperation" provision precludes coverage under the policy.

## II. Discussion

By virtue of the default entered against her, defendant Mills is deemed to have admitted for the purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Thus, for the purposes of this declaratory judgment action, it is established that defendant Mills, using her vehicle, intentionally struck or attempted to strike Ms. Davis and Ms. Nash. It is also established that she did not promptly notify Mendota of the incident and did not respond to correspondence from Mendota requesting her cooperation.

Under Missouri law, which applies in this diversity case, the rules governing the interpretation of insurance polices are well settled. Columbia Mut. Ins. Co. v. Schauf, 967 S.W.2d 74, 77 (Mo. 1998) (*en banc*). A court must apply the general rules of contract construction when interpreting an insurance policy, because insurance policies are contracts. Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. 2007) (*en banc*). If the language in an insurance contract is clear and unambiguous, the court must construe the contract as written. Wasson v. Shelter Mut. Ins. Co., 358

S.W.3d 113, 120 (Mo. Ct. App. 2011) (quotation marks and citation omitted). The policy "must be given effect according to the plain terms of the agreement, consonant with the reasonable expectations, objectives and the intent of the parties." Id.

Cooperation clauses are valid and enforceable under Missouri law. Medical Protective Co. v. Bubenik, 594 F.3d 1047, 1051 (8th Cir. 2010) (citing Union Ins. Co. of Providence v. Williams, 261 F. Supp. 2d 1150, 1152 (E.D. Mo. 2003)). Similarly, provisions requiring that notice of an occurrence be given to the insurer "promptly" are valid and enforceable. See Johnston v. Sweany, 68 S.W.3d 398, 401 (Mo. 2002) (*en banc*) (addressing provision requiring notice "as soon as practicable"); Rocha v. Metropolitan Prop. and Cas. Ins. Co., 14 S.W.3d 242, 247 (Mo. Ct. App. 1999) (addressing provision requiring "prompt" notification); Dodson v. State Farm Gen. Ins. Co., 972 S.W.2d 450, 452 (Mo. Ct. App. 1998). Failure to give the required notice will relieve the insurer of liability to the insured. Safeco Ins. Co. of America v. Rogers, 968 S.W.2d 256, 258 (Mo. Ct. App. 1998). Finally, provisions excluding coverage for intentional acts are enforceable. See Angelina Cas. Co. v. Pattonville-Bridgeton Terrace Fire Prot. Dist., 706 S.W.3d 483, (Mo. Ct. App. 1986) (insurer had no duty to defend insureds where lawsuit alleged intentional acts).

Plaintiff Mendota has established that it is entitled to a declaration that it is not liable to defend Christina Mills in the underlying lawsuit and is not liable to indemnify her for any damages, costs or expenses that she is required to pay with respect to the underlying lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Mendota Insurance Company for default judgment against defendant Christina A. Mills [Doc. #30] is **granted**.

Judgment will be entered against Christina A. Mills at the conclusion of the proceedings in this case.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2012.